UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62756-CIV-SINGHAL

ROLPHKENS ANDERSON PIERRE,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security (DHS); DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE); WARDEN, Warden of the Broward Transitional Center,

Respondents.________________________________/

# ORDER

**PETITIONER ROLPHKENS ANDERSON PIERRE** was taken into immigration custody on August 25, 2026. Mr. Pierre is presently in removal proceedings. His next Master Calendar hearing is scheduled for October 13, 2026, at 9:00 a.m. He argues that his detention violates 8 U.S.C. §1226(a) and his due process rights. He also asserts that he entered the country legally as a parolee.

Petitioner argues that *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026). compels a finding that he is subject to detention under 8 U.S.C. section 1226 and entitled to a bond hearing thereunder, as opposed to mandatory detention under section 1225(b)(2). *See* (DE [1] at 8–9). Petitioner is not entitled to relief because he has not exhausted his administrative remedies. The Petition makes no mention that Petitioner has moved for a bond hearing before the immigration

judge on the authority of *Hernandez Alvarez*. *See generally id.* Until Petitioner requests that relief and is denied same, he has not exhausted his administrative remedies. *See Naumkin v. Warden, Krome N. Serv. Processing Ctr.*, 836 F. Supp. 3d 1202, 1209 (S.D. Fla. 2026) ("Exhaustion [in immigration habeas case] may be excused "where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." (quoting *Linsfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982))).

Petitioner does mention that he has a hearing October 13, 2026 regarding removal. As the Supreme Court has affirmed, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). "[D]eportation proceedings 'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As for the length of Petitioner's detention, the government may detain "deportable aliens during the limited period necessary for their removal proceedings." *Id.* The government may also detain aliens post-removal order as long as is "reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional. Petitioner's current detention started on August 25, 2026—less than two months ago—so it is still presumed reasonable. Petitioner also does not provide any reason to believe he will not be removed in the "reasonably foreseeable future." *See id.* Petitioner's detention does not violate due process. Even if Petitioner is detained for up to six months, he is not automatically entitled to release. Then he must produce

evidence to show he is not likely to be removed in the foreseeable future. *Id.* Only then does the burden shift to the government.

As for Petitioner's claim that he entered the country legally as a parolee, parole is not the same thing as admission. *See* 8 U.S.C. § 1225(d)(5)(A). "[W]hen the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled." *Id.* "[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (citation modified). Petitioner does not explain the current status of his parole, but the mere fact that Petitioner was previously paroled into the United States does not entitle him to additional rights now.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED.** The Clerk's Office is directed to **CLOSE THIS CASE** and deny any pending Motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF.